UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FRANCES TAPPS <br> Plaintiff <br> <br> v. <br> <br> RANDOLPH MCCLENDON, in his capacity; JOSEPH P. LOPINTO, III, in his official capacity as Sheriff of Jefferson Parish, Louisiana; and HUM MANAGEMENT, LLC, <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION <br> <br> NO. 22-13 <br> <br> <br> JUDGE LEMMON <br> <br> MAGISTRATE JUDGE ROBY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED AFFIRMATIVE DEFENSES, ANSWER, AND CROSS-CLAIM

Now into court come defendant, Randolph McClendon (hereinafter "McClendon"), in the above captioned action, who respectfully asserts his amended affirmative defenses, alternative answer to the Complaint filed herein by plaintiff, Frances Tapps, and his cross-claim as to HUM Management as follows:

### AFFIRMATIVE DEFENSES

I.

Defendant avers that with regard to some or all of the claims asserted by plaintiff, the merits of which are specifically denied, plaintiff has failed to state a claim, cause or right of action upon which relief can be granted.

II.

Defendant avers that with regard to some or all of the claims asserted by plaintiff her claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, unclean hands, laches, mitigation of damages, acquiescence, agreement, and other equitable doctrines.

III.

Defendant avers that plaintiffs' damages, if any, were caused by the negligence and/or other fault of third parties or other persons or entities over whom defendant did not exercise control, and for whose actions defendant is not legally liable.

III.

Defendant avers that with regard to some or all of the claims asserted by plaintiff, recovery is barred by qualified immunity and any other applicable immunity and/or limitations of liability provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the immunity provided in La. R.S. 9:2798.

IV.

Defendant avers that with regard to some or all of the claims asserted by plaintiff, any actions taken by defendant were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling defendant to the defense of qualified immunity.

**ALTERNATIVE ANSWER**

The allegations and conclusions of law, including all prayers for relief, contained in the introduction and conclusion/prayer for relief are denied and contested. The specific allegations contained in the Complaint are answered as follows:

1.

The allegations of paragraphs 12, 15, 16, 17, 18, 23, 24, 25, 26, and 79 of the Complaint are admitted.

2.

The allegations of paragraphs 93, 94, 95, 96, 97, 99, 100, 101, 102, and 103 of the Complaint are denied.

3.

The allegations of paragraphs 1, 2, 3, 4, 6, 7, 9, 10, 11, 27, 31., 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 65, 66, 67, 68, 90, 91, 111, and 112 of the Complaint are denied as written, including denial for factual inaccuracy, taking facts out of context, description of the events which is directly disputed, and/or a combination of these reasons for denial.

3.

The allegations of paragraphs 8, 19, 20, 21, 22, 28, 29, 30, 37, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 69 of the Complaint are denied for a lack of information sufficient to justify a belief therein and due to the lack of specificity or relevance.

4.

The allegations of paragraphs 63, 72, 73, 74, 75, 76, 77, 87, 92, 98, 104, 105, 106, 107, 108, 109, and 110 of the Complaint do not require a response as transitional material or other material that does not assert factual or legal claims or as material asserting claims unique to another defendant, but to the extent an answer to that material is required they are denied.

5.

The allegations of paragraphs 5, 13, 14, 64, 70, 71, 78, 80, 81, 82, 83, 84, 85, 86, 88, 89, of the Complaint state legal conclusions which does not require a response. To the extent a response to these allegations is required, they are denied.

6.

To the extent any introductory material, conclusory material, prayer for relief, or any other material not specifically answered in the foregoing Paragraphs 1-5 of the Answer state facts or other allegations which require an answer, they are denied.

**CROSS-CLAIM**

Also appearing before the Court as a cross-claimant, Randolph McClendon does aver for his cross-claim as follows:

1.

Co-defendant HUM Management, LLC, is fully joined to these proceeding in that it has filed an Answer and Defenses to the principal demand. (R. Doc. 25.) Additionally, this Honorable Court has personal jurisdiction over HUM Management, LLC ("HUM") as a domestic Louisiana Limited Liability Company with its domicile in the City of Kenner, Parish of Jefferson, State of Louisiana.

2.

Mr. McClendon went to the premises at issue in this litigation solely at the request of the member manager, Mr. Abdul Siddiqui, of HUM for the purpose of serving as a volunteer agent of HUM for the limited purpose of picking up keys to the rented premises.

3.

Mr. McClendon was informed prior to his arrival at the premises that the plaintiff had informed Mr. Siddiqui or another representative of HUM that she was planning to voluntarily

surrender the keys to the premises that day and that all that needed to occur was for a representative of HUM to stop by and pick up the keys from her.

4.

Insofar as Ms. Tapps was neither ready to move and relinquish both keys and possession of the premises HUM management, through its member manager, was negligent in providing information to that effect to Mr. McClendon. Mr. McClendon was willing to act as an agent for a ministerial matter, picking up a key at the request of Mr. Siddiqui, the HUM member manager, that was being voluntarily relinquished, but did not intend to have any role in any nature of eviction proceeding or action, formal or informal.

5.

Upon information and belief, HUM and/or Mr. Siddiqui have evicted tenants from other properties on prior occasions and had a working knowledge of eviction proceedings such that they knew that Mr. McClendon could and would not unilaterally act on their behalf to in any way effect an eviction of Ms. Tapps. Rather, as HUM and/or Mr. Siddiqui had previously engaged in appropriate eviction proceedings before an appropriate state or local court and obtained eviction orders in the normal course of business.

6.

The negligent provision of misinformation by HUM to Mr. McClendon is the cause in fact of the events which later occurred, and the confrontation between Mr. McClendon and Ms. Tapps, regardless of the exact details of that event, would not have occurred but for that negligent provision of misinformation.

7.

HUM had a legal duty to only provide accurate information to any agent concerning the status of a tenant and the legal situation, such as voluntary surrender of keys versus legal eviction order in place, before sending the agent to pick up keys from the tenant. Additionally, the events at issue in this matter are squarely within the scope of duty and HUM clearly breached the legal duty.

8.

Mr. McClendon avers that he acted within the scope of his voluntary agency for HUM and that to the extent Mr. McClendon is held liable for damages or any other monetary sanction or judgment he is due reimbursement by HUM as all of his actions were taken as a volunteer agent for HUM. Additionally, Mr. McClendon seeks a judgment determining that he was a volunteer agent of HUM acting within the scope of his mandate during the relevant events.

**WHEREFORE,** defendant, Randolph McClendon, pray that the foregoing affirmative defenses, ternative answerand cross-claim be found complete and sufficient and that after all due proceedings are conducted, the Complaint filed herein by plaintiff, Frances Tapps, be found wanting and dismissed with prejudice and with a judgment for all costs and attorney's fees issued against the plaintiff. Defendant, Randolph McClendon, further prays for all legal and equitable relief available under law and justified in the premises of this matter. As cross-complainant, Mr. McClendon prays that after issuance of citation, service of process, and all due proceedings there be judgment in his favor that HUM is liable to reimburse him as HUM's agent for any damages

for which he is held liable to the plaintiff. Additionally, Mr. McClendon seeks judgment that he was an agent of HUM.

Respectfully Submitted,

    s/Donald L. Hyatt, II
DONALD L. HYATT, II (24808)
DONALD L. HYATT, II APLC
1217 Florida St.
Mandeville, LA 70448
Telephone: (504) 813-6727
Facsimile: (866) 377-8671
E-Mail: hyattlaw@aol.com
***COUNSEL FOR DEFENDANT AND CROSS-CLAIMANT,
RANDOLPH MCCLENDON***

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on April 25, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document by first class mail to all non-CM/ECF participants.

                                                                                    s/Donald L. Hyatt, II