UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCES TAPPS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-13** |
| **RANDOLPH MCCLENDON, ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Stay** Defendant Hum Management, LLC's Motion for Summary Judgment (Rec. Doc. 49) is **GRANTED**, and the motion for summary judgment shall be re-submitted on **May 10, 2023**.

### BACKGROUND

This suit is a federal civil rights action that alleges that defendant Randolph McClendon, a former Jefferson Parish Sheriff's Office deputy, used his authority as a law enforcement officer to attempt to unlawfully evict plaintiff and her family from their Kenner, Louisiana home. According to the complaint, McClendon acted at the direction of plaintiff's landlord, defendant Hum Management, LLC ("Hum"), and its member-manager, Abdul Faisal Siddiqui. Plaintiff's suit alleges, <u>inter alia</u>, that Hum is vicariously liable for McClendon's actions in connection with the attempted eviction. Defendant Hum has moved for summary judgment arguing that there is an absence of record evidence of an employee or agency relationship between Hum and McClendon, and thus it is entitled to dismissal. Plaintiff has filed the instant motion seeking to stay the hearing on Hum's motion for summary judgment, arguing pursuant to Federal Rule of Civil Procedure 56(d) that more discovery is necessary to adequately oppose the motion.

Specifically, plaintiff states that Hum's motion for summary judgment should be deferred to allow her to obtain the deposition testimony of Hum and McClendon. Plaintiff contends that these parties have information that is pertinent to the parties' relationship and whether Hum is vicariously liable for McClendon's actions on the date of the attempted eviction. Hum opposes, arguing that there is no additional evidence to be adduced that would assist in resolution of its summary judgment motion. Defendant Sheriff Joseph P. Lopinto, III has also filed an opposition, stating that he intends to file his own summary judgment shortly and does not want a stay of Hum's motion to result in a delay in the submission of his motion.

## DISCUSSION

Federal Rule of Civil Procedure Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Because Rule 56(d) is "designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,' " motions for discovery made under this rule are " 'broadly favored and should be liberally granted.' " Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)). "Technical, rigid scrutiny of a [Rule 56(d)] motion is inappropriate." Union City Barge Line v. Union Carbide Corp., 823 F.2d 129, 136 (5th Cir. 1984).

2

To obtain relief under Rule 56(d), the party opposing the summary judgment, "may not simply rely on vague assertions that additional discovery will produced needed, but unspecified facts." SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980). Instead, the Rule 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' " Raby, 600 F.3d at 561 (quoting C.B. Trucking, Inc. v. Waste Mgmt. Inc., 137 F.3d 41, 44 (1st Cir. 1998)). Further, a Rule 56(d) motion may be denied if a party had the opportunity to conduct discovery but did not diligently pursue it. Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

Plaintiff supports her motion to stay with the declaration of her attorney, Christopher Martin. Rec. Doc. 49-2. Martin states that the depositions of Hum and McClendon are necessary to adequately oppose the motion for summary judgment. Specifically, he states that a deposition is necessary to explore inconsistencies in the documentary record. While McClendon responded to plaintiff's interrogatories that he hand no relationship with Hum management and had never received any money from Hum, McClendon also stated that he had been received cash in $50 increments from Hum principal Siddiqui and that he was acting as a "volunteer agent" of Hum during the eviction incident. McClendon also told Kenner police at the scene of the attempted eviction that he was part-owner of plaintiff's home. Plaintiff seeks to elicit deposition testimony from McClendon and Hum that will elucidate the exact nature of their relationship, such as whether and how McClendon was compensated by Hum, the nature and frequency of the work

McClendon performed for Hum, and whether McClendon held any ownership interest in Hum properties. Plaintiff also points to text messages between Siddiqui and McClendon exchanged during McClendon's interaction with plaintiff and Kenner police, which require explication and follow-up.

Plaintiff further argues that she has been diligent in pursuing discovery, noting that she has pursued both written discovery and depositions. The discovery deadline in this case is July 7, 2023. As of the end of January 2023, plaintiff had served three sets of written discovery requests on each defendant, which have been the subject of extensive meet-and-confer efforts. Plaintiff has also taken and defended four depositions, noticed two others to occur in the next two months, and pursued non-party discovery from entities including former employers of McClendon, the Kenner Police Department, and other law enforcement agencies. Plaintiff claims to have identified numerous communications between Hum and McClendon that, while demonstrated to exist, have not been produced by them. As a result, plaintiff has had to file two motions to compel, which remain pending before the Magistrate Judge.

The deadline for taking depositions in this case is five months in the future. The court finds that it is reasonable to permit plaintiff the opportunity to conduct the requested depositions prior to responding to the motion for summary judgment. Therefore, plaintiff's s Rule 56(d) motion is GRANTED, and decision on Hum's motion for summary judgment is STAYED. The motion will be resubmitted on May 10, 2023, which will permit plaintiff sufficient opportunity to conduct the depositions of Hum and McClendon and prepare and file its opposition to the motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Stay** Defendant Hum Management, LLC's Motion for Summary Judgment (Rec. Doc. 49) is **GRANTED**, and the motion for summary judgment shall be re-submitted on **May 10, 2023**.

New Orleans, Louisiana, this __8th__ day of February, 2023.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE